| HCDistrictclerk.com | LEBLANC, AIMEE vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY<br>Cause: 201684235    CDI: 7    Court: 164 | 1/26/2017 |
|---|---|---|

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS
| | |
|---|---|
| **File Date** | 12/7/2016 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | OTHER CIVIL |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 1/23/2017 |

### COURT DETAILS
| | |
|---|---|
| **Court** | 164th |
| **Address** | 201 CAROLINE (Floor: 12)<br>HOUSTON, TX 77002<br>Phone:7133686264 |
| **JudgeName** | ALEXANDRA SMOOTS-HOGAN |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| LEBLANC, AIMEE | PLAINTIFF - CIVIL | | WORRALL, MATTHEW J |
| 3737 BUFFALO SPEEDWAY, HOUSTON, TX 77377 | | | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| 3075 SANDERS ROAD, NORTHBROOK, IL 60062 | | | |
| CASAS, JOHN J | PLAINTIFF - CIVIL | | WORRALL, MATTHEW J |

# EXHIBIT B

3737 BUFFALO SPEEDWAY,, HOUSTON, TX 77377

ALLSTATE VEHICLE AND PROPERTY INSURANCE REGISTERED AGENT
COMPANY (AN INSURANCE COMPANY)

1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 1/23/2017 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY |
| 1/23/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 1/23/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/7/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/7/2016 | ORIGINAL PETITION | | | 0 | | WORRALL, MATTHEW J | LEBLANC, AIMEE |
| 12/7/2016 | ORIGINAL PETITION | | | 0 | | WORRALL, MATTHEW J | CASAS, JOHN J |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (AN INSURANCE COMPANY) | 12/7/2016 | 12/15/2016 | | | | 73321977 | CVC/CTM SVCE BY CERTIFIED MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 73530232 | Defendant Allstate Vehicle and Property insurance company's original answer | | 01/23/2017 | 2 |
| 73264801 | Certified mail tracking 7016 1370 0001 2033 2008 | | 12/15/2016 | 2 |
| 73308937 | Certified tracking mail TRACKING NUMBER 7016 1370 0001 2033 2008 | | 12/15/2016 | 2 |
| 72999779 | PLAINTIFF'S ORIGINAL PETITION | | 12/07/2016 | 24 |
| ·> 72999781 | CIVIL CASE INFORMATION SHEET | | 12/07/2016 | 1 |
| ·> 72999783 | CIVIL PROCESS REQUEST | | 12/07/2016 | 2 |

 CT Corporation

**Service of Process Transmittal**
12/27/2016
CT Log Number 530396290

| | |
|---|---|
| **TO:** | L&R Home Office Intake Unit<br>Allstate Insurance Company<br>2775 Sanders Rd # A2W<br>Northbrook, IL 60062-6110 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AIMEE LEBLANC AND JOHN J. CASAS, Pltfs. vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Interrogatories, Certificate, Request |
| **COURT/AGENCY:** | 164th Judicial District Court Harris County, TX<br>Case # 201684235 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/27/2016 postmarked on 12/22/2016 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Matthew J. Worrall<br>The Potts Law Firm LLP<br>3737 Buffalo Speedway, Suite 1900<br>Houston, TX 77098<br>713-963-8881 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/27/2016, Expected Purge Date: 01/01/2017<br><br>Image SOP<br><br>Email Notification,  Jessica Tortorello  jessica.tortorello@allstate.com<br><br>Email Notification,  Aspen Sprague  aspra@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / AH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2016-84235 / Court: 164

12/7/2016 2:54:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14157980
By: Bonisha Evans
Filed: 12/7/2016 2:54:22 PM

Cause No. _____

| | | |
|---|---|---|
| AIMEE LEBLANC AND JOHN J. CASAS<br>*Plaintiffs,*<br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br>*Defendant* | § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>HARRIS COUNTY, TEXAS<br><br>_____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Aimee LeBlanc and John J. Casas, (hereinafter referred to as "Plaintiffs"), and file this Original Petition against Defendant, Allstate Vehicle and Property Insurance Company ("Allstate") (to whom will be referred to as "Defendant"), and respectfully would show this court as follows:

### PARTIES

1. Plaintiffs, Aimee LeBlanc and John J. Casas, are individuals residing in and/or owning property in Harris County, Texas.

2. Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

## DISCOVERY LEVEL

3. Plaintiff's intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

4. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend this petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiffs are the owners of a property insurance policy ("the Policy") issued by Allstate.

8. Plaintiffs own the insured property located at 2206 Whiteback Drive, in Harris County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiffs.

9. On or about April 28, 2016 a hail storm and/or windstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the

2

Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

10. Plaintiffs subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiffs requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

11. Defendant failed to thoroughly review and properly oversee the work of the assigned adjusters, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

12. Defendant set out to deny and/or underpay on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendant's unreasonable investigation, as described above, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property. To this date, Plaintiff has yet to receive the full payment that Plaintiff is entitled to under the Policy and Defendant continues to delay in the payment for the damages to the Property.

13. As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

14. To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

15. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the

3

Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

16. Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

17. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

18. Defendant failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

19. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the

full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

20. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' claim on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

21. Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

22. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

23. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

24. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

26. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

27. Plaintiffs' experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

28. Each of the foregoing paragraphs is incorporated by reference in the following:

### I. Causes of Action Against Allstate

29. Allstate intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A. Breach of Contract

30. Allstate breached the contract of insurance it had with Plaintiffs. Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

31. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

32. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff's material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

33. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

34. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

35. Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

36. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

37. Plaintiffs are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

38. Allstate failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

39. Allstate failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

40. Allstate delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D. Breach of the Duty of Good Faith and Fair Dealing

41. Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim while it knew or should have known, by the

8

exercise of reasonable diligence, that its liability was reasonably clear.

### E.  Acts Constituting As Agent

42. As referenced and described above, and further conduct throughout this litigation and lawsuit, the adjusters Defendant hired are agents of Defendant based on their acts during the handling of this claim, including inspections, adjustments and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE § 4001.051.

43. Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of the adjusters including the completion of their duties under the common law and statutory law.

### F.  Knowledge

44. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

45. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

46. The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

47. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs

are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

51. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

52. Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

53. Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

54. Defendant is requested to respond to the attached interrogatories and requests for production within fifty (50) days.

### PRAYER

55. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court site Defendant to appear and answer herein and that Plaintiffs have judgment taken against Defendant and recovers from Defendant all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By: /s/ Matthew J. Worrall
**Matthew J. Worrall**
SBN: 24070883
**William H. Barfield**
SBN: 24031725
**Andrew A. Woellner**
SBN: 24060850
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
wbarfield@potts-law.com
awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

11

1/23/2017 11:28:20 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14876900
By: Carla Carrillo
Filed: 1/23/2017 11:28:20 AM

CAUSE NO. 2016-84235

| | | |
|---|---|---|
| **AIMEE LEBLANC AND JOHN J. CASAS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | **164TH JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this, its Original Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiffs recover nothing from

2636208v1
03647.

Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

        Respectfully submitted,

       By: */s/Jay Scott Simon*
         Jay Scott Simon
         State Bar No. 24008040
         jsimon@thompsoncoe.com
         THOMPSON, COE, COUSINS & IRONS, L.L.P.
         One Riverway, Suite 1400
         Houston, Texas 77056
         Telephone:  (713) 403-8210
         Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on January 23, 2017, a true and correct copy of the foregoing was served upon the following counsel for Plaintiffs by electronic service:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX  77098
Email: mworrall@potts-law.com
    wbarfield@potts-law.com
    awoellner@potts-law.com

        */s/Jay Scott Simon*
        Jay Scott Simon

2636208v1
03647.