IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIMEE LEBLANC AND JOHN J. CASAS, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00256 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S FIRST AMENDED ANSWER**

Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate") files this, its First Amended Answer and would respectfully show unto the court the following:

**PARTIES**

1. The allegation contained in paragraph 1 under this subheading is admitted upon information and belief.

2. The allegations contained in paragraph 2 under this subheading are admitted upon information and belief.

**DISCOVERY LEVEL**

3. The allegations contained in paragraph 3 under this subheading require no answer of Defendant.

**JURISDICTION**

4. The allegations contained in paragraph 4 under this subheading are denied as written. Answering further, Defendant avers that this Court has jurisdiction over this case, as per 42

U.S.C. § 4072. In addition, this Court has original jurisdiction over this case, as per 28 U.S.C. §§ 1331 and 1337. In further answering, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Lastly, venue is proper in this United States District Court as per 42 U.S.C. § 4072, 28 U.S.C. § 1391(b), and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R)

5. The allegations contained in paragraph 5 under this subheading are admitted, however Defendant contends that this Court also maintains jurisdiction.

## **VENUE**

6. The allegations contained in paragraph 6 under this subheading are admitted.

## **FACTS**

7. The allegations contained in paragraph 7 under this subheading are admitted.

8. The allegations contained in paragraph 8 under this subheading regarding Defendant are admitted in part and denied in part.  Defendant admits to selling the policy insuring Plaintiff's property.  Defendant cannot admit or deny the remaining allegations.

9. The allegations contained in paragraph 9 are denied in fact and denied as written as asserting conclusions of law.

10. The allegations contained in paragraph 10 is admitted as to the claim being submitted, the remainder of thee allegations are denied.

11. The allegations contained in paragraph 11 under this subheading regarding Defendant are denied.

12. The allegations contained in paragraph 12 under this subheading regarding Defendant are denied.

13. The allegations contained in paragraph 13 under this subheading are denied.

14. The allegations contained in paragraph 14 under this subheading are denied.

15. The allegations contained in paragraph 15 under this subheading regarding Defendant are denied.

16. The allegations contained in paragraph 16 under this subheading regarding Defendant are denied.

17. The allegations contained in paragraph 17 under this subheading regarding Defendant are denied.

18. The allegations contained in paragraph 18 under this subheading regarding Defendant are denied.

19. The allegations contained in paragraph 19 under this subheading regarding Defendant are denied.

20. The allegations contained in paragraph 20 under this subheading regarding Defendant are denied.

21. The allegations contained in paragraph 21 under this subheading regarding Defendant are denied.

22. The allegations contained in paragraph 22 under this subheading regarding Defendant are denied.

23. The allegations contained in paragraph 23 under this subheading regarding Defendant are denied.

24. The allegations contained in paragraph 24 under this subheading regarding Defendant are denied.

25. The allegations contained in paragraph 25 under this subheading regarding Defendant are denied.

26.    The allegations contained in paragraph 26 under this subheading regarding Defendant are denied.

27.    The allegations contained in paragraph 27 under this subheading regarding Defendant are denied.

## CAUSES OF ACTION

28.    The allegations contained in paragraph 28 under this subheading are denied to the extent that an answer is required by Defendant.

### I.    Causes of Action Against Allstate

29.    The allegations contained in paragraph 29 under this subheading regarding Defendant are denied.

#### A.    Breach of Contract

30.    The allegations contained in paragraph 30 under this subheading regarding Defendant are denied.

#### B.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices

31.    The allegations contained in paragraph 31 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

32.    The allegations contained in paragraph 32 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

33.    The allegations contained in paragraph 33 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

34.    The allegations contained in paragraph 34 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

35. The allegations contained in paragraph 35 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

36. The allegations contained in paragraph 36 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

### C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

37. The allegations contained in paragraph 37 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

38. The allegations contained in paragraph 38 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

39. The allegations contained in paragraph 39 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

40. The allegations contained in paragraph 40 under this subheading regarding Defendant are denied in fact and denied as written as asserting conclusions of law.

### D. Breach of the Duty of Good Faith and Fair Dealing

41. The allegations contained in paragraph 41 under this subheading are denied.

### E. Acts Constituting As Agent

42. The allegations contained in paragraph 42 under this subheading regarding Defendant are denied. Defendant does admit that certain actions could have been done through agents, however, this Petition is not claim as to what is being discussed.

43. The allegations contained in paragraph 43 under this subheading regarding Defendant are denied.

### F. Knowledge

44. The allegations contained in paragraph 44 under this subheading regarding Defendant are denied in fact.

## DAMAGES

45. The allegations contained in paragraph 45 under this subheading are denied.

46. The allegations contained in paragraph 46 under this subheading are denied.

47. The allegations contained in paragraph 47 under this subheading are denied.

48. The allegations contained in paragraph 48 under this subheading are denied.

49. The allegations contained in paragraph 49 under this subheading are denied.

50. The allegations contained in paragraph 50 under this subheading are denied.

51. The allegations contained in paragraph 51 under this subheading are denied.

## JURY DEMAND

52. Defendant agrees with Paragraph 52 of Plaintiff's petition and also requests a jury trial.

## DISCOVERY REQUESTS

53. The allegations contained in paragraph 53 under this subheading seek disclosures under Texas state law. As such, Defendant denies that such disclosures are warranted, as this case is governed by the Federal Rules of Civil Procedure and this Court's orders.

54. The allegations contained in paragraph 54 under this subheading do not merit an admission or denial and are no longer applicable in this court.

## PRAYER

55. The allegations contained in paragraph 55 under this subheading do not merit an admission or denial. However, Defendant requests that Plaintiff go without day and that this case be dismissed without recover by Plaintiff and that Defendant recover costs of court.

**DEFENSES**

56. As a specific defense, Defendant asserts it is incumbent on Plaintiff to segregate his covered damages, if any, due to the wind/hailstorm that reportedly occurred on or about April 28, 2016 from his non-covered damages, and/or his damages that pre-existed April 28, 2016.

57. As a specific defense, Defendant asserts that Plaintiff's pleadings fail to state facts sufficient to entitle Plaintiff to an award of punitive damages, if any, against Defendant. Defendant further specifically pleads that in the unlikely event they are held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, *et. seq.* of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

58. As a specific defense, Defendant asserts that Plaintiffs' claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

   a) Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

   b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

59.     The policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part, as follows:

60.     As an additional defense, Defendant asserts the following language contained in Plaintiffs' policy:

> **Losses We Cover Under Coverages A, B and C:**
>
> **We** will cover **sudden and accidental** direct physical loss to the property described in **Dwelling Protection-Coverage A, Other Structures Protection-Coverage B or Personal Property Protection-Coverage C** caused by the following, except as limited or excluded in this policy:
>
> \* \* \*
>
> 2. **Windstorm** or hail.
>
>    **We** do not cover:
>    a.) loss to covered property inside a **building structure**, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;
>
> \* \* \*
>
> **Section I Conditions**
>
> \* \* \*
>
> 3. **What You Must Do After A Loss**
>    In the event of a loss to any property that may be covered by this policy, **you** must:
>    a) promptly give **us** or **our** agent notice. Report any theft to the police as soon as possible.
>
>    b) protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.
>
>    c) separate damaged from undamaged personal property. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

    d) give **us** all accounting records, bills, invoices and other vouchers, or certified copies, which **we** may reasonably request to examine and permit **us** to make copies.

    e) produce receipts for any increased costs to maintain **your** standard of living while **you** reside elsewhere, and records supporting any claim for loss of rental income.

    f) as often as **we** reasonably require:
        1) show **us** the damaged property. **We** have a right to reasonable and safe opportunities to view and inspect the loss as often as necessary, unimpeded by actions of **you** or others, including, but not limited to, civil, governmental or military authorities, that prevent **us** from viewing and inspecting the loss. **We** may require **you** to accompany **us** when **we** conduct these activities.
        2) at **our** request, submit to examinations under oath, separately and apart from any other person defined as **you** or **insured person** and sign a transcript of the same.
        3) produce representatives, employees, members of the **insured person's** household or others to the extent it is within the **insured person's** power to do so; and

    g) within 91 days after the loss, give us a signed, sworn proof of the loss. This statement must include the following information:
        1) the date, time, location and cause of loss;
        2) the interest **insured persons** and others have in the property, including any encumbrances;
        3) the actual cash value and amount of loss for each item, damaged, destroyed or stolen;
        4) any other insurance that may cover the loss;
        5) any changes in title, use, occupancy or possession of the property that have occurred during the policy period; and
        6) at **our** request, the specifications of any damaged **building structure** or other structure.

**We** have no duty to provide coverage under this section if **you**, an **insured person**, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to **us**.

61. By way of affirmative defense to Plaintiffs' claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a bona fide dispute. The existence of a bona fide dispute precludes Plaintiffs from recovering against Defendant on any extra-contractual claims.

2738703v1
03647.076

62. As an additional affirmative defense, Defendant asserts that Plaintiffs' damages at issue in this lawsuit are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant had and exercised no control.

63. By way of additional affirmative defense, Defendant asserts that Plaintiffs' claims are barred by the doctrine of laches.

64. As an additional affirmative defense, Defendant asserts that Plaintiffs have failed to mitigate their damages.

65. Defendant asserts the affirmative defense of the deductible and that Plaintiffs are responsible for the first $3,649.00 of covered damages due to the terms and conditions of the Policy.

66. By way of additional defense, Defendant pleads and incorporates herein all terms, provisions and conditions of the Policy of Insurance, whether specifically stated herein or not, and may rely on any of the terms found therein for defenses and limitations of payments, including Actual Cash Value and the mortgage holder's joint right to recovery. And further demands that Plaintiffs show full compliance with all of its Policy and Conditions that are a prerequisite for coverage.

### C. LIMITATION ON PUNITIVE/EXEMPLARY DAMAGES

67. Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and

federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

68. As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects:

   a) Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

   b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

### D. BONA FIDE DISPUTE

69. By way of affirmative defense to Plaintiffs' claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a

bona fide dispute. The existence of a bona fide dispute precludes Plaintiffs from recovering against Defendant on any extra-contractual claims.

### E. EXCESSIVE DEMAND

70. Plaintiff's claim for attorneys' fees is barred, in whole or in part, by the doctrine of excessive demand.

71. As an additional affirmative defense, Defendant asserts that Plaintiffs' damages at issue in this lawsuit are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant had and exercised no control.

72. By way of additional affirmative defense, Defendant asserts that Plaintiffs' claims are barred by the doctrine of laches.

73. As an additional affirmative defense, Defendant asserts that Plaintiffs have failed to mitigate their damages.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

  _/s/ Jay Scott Simon_
Jay Scott Simon
Attorney-in-Charge
State Bar No. 24008040
Southern District No. 31422
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
jsimon@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of June, 2017, a copy of the foregoing instrument was electronically served upon the following counsel of record:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Email: mworrall@potts-law.com
           wbarfield@potts-law.com
           awoellner@potts-law.com

  _/s/Jay Scott Simon_
Jay Scott Simon